The opinion of the court was delivered by
Miller, J.
The plaintiff, a judgment creditor, seeks to have set aside as fraudulent the mortgage made by his debtor to secure the *1591 promissory note for twenty-five hundred dollars, payable one day after date, held by the defendant Mrs. Alexander, and from the judgment reducing the mortgage plaintiff appeals.
The debtor made the mortgage a short time before the plaintiff recovered its judgment. The mortgage was in favor of any future holder. The mortgage note passed into the hands of Mrs. Alexander, who is the aunt of the debtor, and he lived with her. She is shown to be a lady of means and of advanced age. Her testimony is she acquired the note for fourteen hundred and forty dollars.
The petition contains the allegations appropriate to a suit of this character; the insolvency of the debtor, that there was no consideration for the mortgage, that it was made to defeat plaintiff’s rights; operates to plaintiff’s injury; that Mrs. Alexander concurred in the debtor’s fraudulent purposes and acquired after maturity. The answer of the debtor and that of Mrs. Alexander maintains the validity of the mortgage and her title to the note.
It is claimed by plaintiff that the note was returned to the maker subsequent to its execution, and remained in his hands after its maturity. Hence it is contended the mortgage became void. We find no occasion to examine the legal proposition advanced by the plaintiff, in reference to the avoidance of the mortgage. The record does not furnish the basis of fact for the proposition. The testimony satisfies us the note was issued to Mrs. Alexander for the first and only time it was used by the maker, and was never returned to him. When produced by her in court the note bore the endorsement “bought 10th August, 1895,” and although Mrs. Alexander was unable to state from her own recollection the date of her acquisition of the note, the endorsement harmonizes with the usual course to negotiate notes before maturity, and we see no basis on which we can reject the endorsement and the presumption of negotiation before maturity. This view, too, precludes any necessity for discussing the contention of plaintiff that the issue of the mortgage note by the maker, after its maturity, will affect the mortgage, or, at least, require supporting proof from the holder, especially as in this case there is the testimony in the record on the subject.
To impeach the note and mortgage plaintiff urges that the purpose of the transaction was to shield the property of the mortgagor from his creditors. But if Mrs. Alexander in good faith bought the note, *1592 she can not; be affected by the purpose, whatever it was, of the mortgagor. It is pressed on us that she is the aunt of the mortgagor, and that he lives with her. But whatever the weight of this relationship, in investigations of this character due significance is due to the conceded fact that she is a lady of means and to her testimony that she acquired the note for value. She is eighty years of age and her testimony is commented upon as not sustaining her claim. Asked when she acquired the note, she stated she could not recollect; asked as to the price paid, she was prompted in her answer by some one present, presumably the mortgagor, and similar features of her testimony are brought to our notice. Still, further, it is urged, the price paid, fourteen hundred and forty dollars, was disproportioned to the amount of the note, twenty-five hundred dollars, and that she had no motive to acquire the land mortgaged, as she already owned land unoccupied and not cultivated. The circumstances relied on to discredit title must yield, we think, to the fact that she is in possession of her the note and her testimony that she bought it. The inability to recollect the date of the purchase, her difficulty in promptly answering as to the amount paid and other circumstances connected with the transactions are naturally referable to the defect of memory and mental infirmity incident to advanced age, and this inference is supported by the testimony of the physician cognizant of her condition and familiar with the effect of age on the mind. We can not infer fraud or falsehood from defects of this character in the testimony of an aged person. We are impressed too with the distinctness, as well as the repetition in her testimony, that she bought the note, and in her own language “ paid well for it.” On that main fact there is no hesitancy or lack of positiveness on her part. She is shown to be a lady of high character. Age impairs th9 mental faculties, but has no tendency to prompt falsehood or qualify for participation in a fraudulent scheme. Then, too, Mrs. Alexander on a previous occasion and in a different suit was examined on facts and articles and answered distinctly and positively she owned the note and paid for it. We think with the lower court that her testimony is to be accepted. On the issue of her title she stands fortified by the presumption the law attaches to the possession of the note and by her own testimony. She is content with the judgment that maintains her right to the extent of the money paid by her for the note, her counsel avowing in argument her entire *1593 willingness not to reap a profit to the prejudice of the plaintiff as creditor of the mortgagor.
It is therefore ordered, adjudged and decreed that the judgment, of the lower court be affirmed with costs.